28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus ROMO, Defendant-Appellant.
 No. 93-10493.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 28, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Romo appeals his conviction, after a jury trial, for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 846, 841(a)(1) and (b)(1)(D), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. Secs. 922(g)(5) and 924(a)(2). Romo contends that the district court erred in denying him an evidentiary hearing to challenge the sufficiency of the affidavit submitted in support of the government's application for a search warrant under Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Romo also contends that the district court erred in denying his motion to sever the trial of counts applying exclusively to his brother, a codefendant, from trial of the counts applying to himself. We affirm.
 
 A. Franks Hearing
 
 3
 We review the denial of a motion for a Franks hearing de novo. United States v. Homick, 964 F.2d 899, 904 (9th Cir.1992). In order to establish entitlement to a Franks hearing, a defendant must make a substantial preliminary showing that the affidavit contained actual falsity, and that the falsity was either deliberate or resulted from reckless disregard for the truth. Franks, 438 U.S. at 171. The allegations cannot be merely conclusory; they must be accompanied by a detailed offer of proof. Id.
 
 
 4
 Here, the affidavit submitted in support of the search warrant relied on information provided by a citizen informant who had provided information to other law enforcement agencies on four occasions. Romo argued that he was entitled to a Franks hearing because "the limited information made available to defense counsel indicated that the informant was either directly involved in illicit activities or had similar reasons to seek favors from law enforcement personnel in exchange for such information." Romo, however, offered no sworn statements or other evidence to support his charge that the affidavit was based on unreliable information. His allegations were therefore not accompanied by the "detailed offer of proof" necessary to obtain a Franks hearing. United States v. Chesher, 678 F.2d 1353, 1360 (9th Cir.1982). The district court, accordingly, properly denied his motion.
 
 B. Motion to Sever
 
 5
 We review the denial of a motion to sever for abuse of discretion. United States v. Taren-Palma, 997 F.2d 525, 533 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994). Fed.R.Crim.P. 14 provides:
 
 
 6
 If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defenses in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.
 
 
 7
 The test for severance is "whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." United States v. Brashier, 548 F.2d 1315, 1323 (9th Cir.1976), cert. denied 429 U.S. 1111 (1977).
 
 
 8
 Appellant Jesus Romo and his brother Ricardo Romo were both charged with conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. Jesus was charged, in addition, with possessing a semi-automatic AK-47 in connection with a drug trafficking crime and possessing a firearm while an illegal alien. Ricardo was also charged with possessing two AK-47 fully automatic machine guns and possessing them during a drug trafficking crime. Jesus contends that the district court abused its discretion by refusing to try separately the gun charges brought exclusively against Ricardo. Jesus argues that joint trial of all counts was impermissibly prejudicial because the gun charges against Ricardo had no bearing on his own case and because the defendants were brothers and were similar in appearance. Jesus asserts that it was clear from the course of the proceedings and the final verdict that the jury was not able to properly compartmentalize the evidence and charges against each defendant.
 
 
 9
 We disagree. There is nothing in the record to indicate that the nature of the charges, or the fact that the codefendants were brothers with similar appearances, so prejudiced Jesus Romo as to outweigh the concern for judicial economy. See Brashier, 548 F.2d at 1323. All of the guns and the drugs were seized during the same search of the same residence, where both codefendants resided. The district court, moreover, specifically instructed the jury to consider the case of each defendant separately. The district court, accordingly, did not abuse its discretion in denying the motion to sever.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3